EROLLE J. HAAS *vs.* ROCCO SIMEONE.

SAME *vs.* ASSUNTA SIMEONE.

JULY 2, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. These are two actions of trespass on the case to recover damages resulting from an automobile collision allegedly caused by the negligent operation of an automobile owned by Assunta Simeone and driven by her husband, Rocco Simeone. The cases were tried together before a justice of the superior court, sitting without a jury, and resulted in a decision for the plaintiff against the defendant in each case. They are before us upon the defendants' bills of exceptions to these decisions and to another ruling, allowing the introduction of certain testimony.

As the cases were tried together and as the liability of the defendant owner depends on the liability of the defendant operator, we shall treat them as one case and reference hereinafter to the defendant will mean Rocco Simeone, the operator.

The accident happened on January 22, 1940 about one o'clock in the morning, on Broadway in Providence, just easterly from its intersection with Pallas street. Broadway is a public highway running generally in an easterly and westerly direction and is about 50 feet wide at the place of the accident. Pallas street is another highway running generally north to south, intersecting Broadway, and is about 30 feet wide. The weather and roadway in this location were clear and there were no obstructions between the two vehicles as they approached each other from opposite directions.

The plaintiff testified that, accompanied by his wife, he was operating his Chevrolet automobile in an easterly direction on his own right or southerly side of Broadway, about 5 feet from the southerly curb thereof; that he was proceeding about twenty miles an hour and was passing Pallas street when he first saw the defendant's automobile on the northerly side of Broadway; that the latter suddenly cut from the northerly to the southerly side of Broadway, crossing the center thereof, and was only a few feet away when plaintiff appreciated it was bearing speedily toward

him at an angle of about 40 or 45 degrees; that defendant's automobile was being operated about thirty or thirty-five miles per hour, and its left front collided with the left front of the plaintiff's automobile at a point on the plaintiff's right or southerly side of Broadway and about 31 feet easterly from the easterly line of Pallas street. The plaintiff's automobile remained in that position until the police arrived, but the defendant had backed his automobile away and changed its position. The plaintiff's wife was taken to the hospital and both she and plaintiff were injured, requiring medical attention, and resulting in loss of wages by the plaintiff and other damages.

The defendant testified that he was proceeding about ten miles an hour in a westerly direction on his own right or northerly side of Broadway; that as he approached Pallas street he drove his automobile toward the center of Broadway preparatory to making a left turn southerly into Pallas street; that he saw the plaintiff then coming from the west so fast that it would be dangerous for defendant to continue his turn into Pallas street, so he brought his automobile to a stop in the center of Broadway; that the plaintiff, although he had some 10 or 12 feet between him and the southerly curb of Broadway, continued straight and collided with the standing automobile of defendant; that the contact took place on Broadway at a point 31 feet easterly from Pallas street, that is, before the defendant had reached the intersection and after plaintiff had passed it. Defendant, however, placed the collision as taking place in the center of Broadway and not on the southerly side thereof.

Certain other witnesses, including police officers, testified and substantially verified the important facts as stated by the plaintiff and his wife. Some testimony given by the defendant at the trial apparently was not told to the police on the morning of the accident, when they were investigating. It also appeared from the testimony that if defendant had continued on the same angle, as he was headed, he would have run over the curb into a pole and building, as

Pallas street was 31 feet away (westerly) from him at that point; and that both automobiles were moving at the time of the collision.

The trial justice found that the negligence of the defendant in cutting suddenly to his left and crossing over to the southerly side of Broadway, so long before he had reached the intersection of Pallas street, into which he intended to make a left turn, was the entire and proximate cause of the accident and resulting damages.

The defendant contends, under his fourth exception, that the trial justice erred in allowing the plaintiff to testify concerning certain repairs to his automobile. He argues that plaintiff was not, merely by virtue of his ownership, qualified to testify thereto. Whatever merit there might be to this objection in the ordinary case, the transcript here reveals special circumstances in which the parties substantially agreed later in the trial to the introduction of the objectionable testimony, as follows: "Mr. DiLibero: I think we can agree—front spring $7.00, one splash pan $1.75, one headlight reflector assembly $7.50, refinish and repair left fender and labor for installing parts $20.00. Is that right? Straighten front end and frame $10.00; towing $12.50. Total $58.75."

Further, the defendant apparently did not question that repairs were reasonably necessary to the parts of the plaintiff's automobile which were damaged; but he objected only to the amount of the charges plaintiff had paid for their repair. In this connection the defendant also had introduced expert testimony as to the proper charges for these repairs and the trial justice had this testimony before him when he made his decision. The defendant's fourth exception is overruled.

Under defendant's first three exceptions, which are grouped, he contends, first, that there was a variance between the proof at trial and the allegation of the declaration that there had been a collision. The defendant evidently overlooks his own testimony, not to speak of the

plaintiff's, that there was actually a collision 31 feet easterly of Pallas street in which his wife's automobile, as well as the plaintiff's, was damaged.

Defendant finally contends that the decision was contrary to the evidence and the weight thereof. From examination of the transcript of evidence, we are of the opinion that the trial justice in making his decision did not misconceive the law or the evidence or the weight thereof. There was ample evidence to support the decision upon liability. There was also sufficient evidence of the plaintiff's loss of wages, his medical bill, and that of his wife, which was incorporated by agreement, and of damages to his automobile even upon the valuation placed thereon by defendant's expert, all of which, with a reasonable allowance for pain and suffering to the plaintiff, would support the amount of the decision in each case.

All of the exceptions of the defendant in each case are overruled and each case is remitted to the superior court for the entry of judgment on the decision as rendered.

*Morris S. Waldman, Maxwell W. Waldman, Waldman & Waldman,* for plaintiffs.

*John DiLibero,* for defendants.